HUI CHEN & ASSOCIATES
136-20 38th Ave Suite 9E
Flushing, NY 11354
Tel : (718) 463-2666
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**Case No. 19-CV-1203**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**-----------------------------------------------------------X**

LIJUN XIA and LIJUN YANG,
individually and on behalf of
all other Employees similarly situated

*Plaintiffs,*

-against-

62-98 REALTY LLC, SUNAMERICA REALTY GROUP, INC., MKB CONSTRUCTION USA, L.L.C., SAINT JAMES PLACE, LLC, JEFF QIU, YANMING GU, DANNY KONG and AIYUN CHEN

*Defendants.*

**-----------------------------------------------------------X**

**AMENDED COMPLAINT**

Plaintiffs, LIJUN XIA and LIJUN YANG ("Plaintiffs") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hui Chen & Associates, PLLC, hereby files this complaint against the Defendants 62-98 Realty LLC, SUNAMERICA Realty Group, Inc., MKB Construction USA, L.L.C., Saint James Place, LLC., Jeff Qiu, Yanming Gu, Danny Kong, and Aiyun Chen (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid back wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post- judgment interest; and (5) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) back wages for periods of work for which defendants willfully failed to pay as required by the New York Labor Law §§ 190 et seq.; (2) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (3) unpaid "Spread of Hours" premium; (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (5) compensation for unlawful deductions consisting of defendants' failure to reimburse him for his "tools of the trade"; (6) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

**JURISDICTION AND VENUE**

5. This Court has original federal question jurisdiction over this controversy under

29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7. Plaintiff Lijun Xia is a resident of Queens County New York and was employed as a Tile Installer by Defendants 62-98 Realty LLC, SUNAMERICA Realty Group, Inc., MKB Construction USA, L.L.C., Saint James Place, LLC., Jeff Qiu, Yanming Gu, Danny Kong, and Aiyun Chen, with its principal place of business at 135-11 Northern Blvd, FL 1, Flushing, NY 11354 and 228 Front Street, Hempstead, NY 11550.

8. Plaintiff Lijun Yang is a resident of Queens County New York and was employed as a Tile Installer by Defendants 62-98 Realty LLC, SUNAMERICA Realty Group, Inc., MKB Construction USA, L.L.C., Saint James Place, LLC., Jeff Qiu, Yanming Gu, Danny Kong, and Aiyun Chen, with its principal place of business at 135-11 Northern Blvd, FL 1, Flushing, NY 11354 and 228 Front Street, Hempstead, NY 11550.

**CORPORATE DEFENDANTS**

***Entity Defendant - 62-98 REALTY LLC.***

9. Upon information and belief, Corporate Defendant 62-98 REALTY LLC, (hereinafter "62-98 Realty"), is a domestic New York business corporation organization that is

incorporated on October 31, 2014 with a principal place of business at 135-11 Northern Blvd, FL 1, Flushing, NY 11354.

10. Upon information and belief, at all times relevant hereto, 62-98 Realty is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

11. Upon information and belief, at all relevant times hereto, 62-98 Realty have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

12. 62-98 Realty constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

13. 62-98 Realty has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

***ENTITY DEFENDANT – SUNAMERICA REALTY GROUP, INC.***

14. Upon information and belief, Corporate Defendant, SUNAMERICA Realty Group, Inc. (hereinafter "SunAmerica"), is a domestic New York business corporation organization that is incorporated on May 10, 2012 with a principal place of business at 135-11 Northern Blvd, FL 1, Flushing, NY 11354.

15. Upon information and belief, at all times relevant hereto, SunAmerica is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

16. Upon information and belief, at all relevant times hereto, SunAmerica have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

17. SunAmerica constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

18. SunAmerica has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

***ENTITY DEFENDANT – MKB CONSTRUCTION USA, LLC.***

19. Upon information and belief, 20. Defendant MKB CONSTRUCTION USA, LLC. (hereinafter "MKB Construction") is a domestic New York business corporation organization that is incorporated on May 10, 2012 with a principal place of business at 228 Front Street, Hempstead, NY 11550.

20. Upon information and belief, at all times relevant hereto, MKB Construction is a business or enterprise engaged in interstate commerce employing more than eleven (11) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

21. Upon information and belief, at all relevant times hereto, MKB Construction have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

22. MKB Construction constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

23. MKB Construction has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

**INDIVIDUAL DEFENDANTS**

24. Upon information and belief, Jeff Qiu, Yanming Gu, Danny Kong, and Aiyun Chen are the owners, officers, directors and/or managing agents of 62-98 Realty and SunAmerica located at 135-11 Northern Blvd, FL 1, Flushing, NY 11354, and MKB Construction located at 228 Front Street, Hempstead, NY 11550, and participated in its day-to-day operations, acted intentionally and maliciously, are an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NYLL §2 and the regulations thereunder, and is jointly and severally liable with 62-98 Realty, SunAmerica, and MKB Construction.

25. Upon information and belief, Defendants Jeff Qiu, Yanming Gu, Danny Kong, and Aiyun Chen, manages and makes all business decisions including but not limited to the amount in salary the employee will receive, and the number of hours employees will work.

26. At all times relevant herein, Jeff Qiu, Yanming Gu, Danny Kong, and Aiyun Chen, were, and continue to be, an "employer" within the meaning of FLSA.

27. At all times relevant herein, 62-98 Realty, SunAmerica, and MKB Construction were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by 62-98 Realty, SunAmerica, and MKB Construction.

29. Upon information and belief, the two corporate defendants, 62-98 Realty and SunAmerica are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

30. Upon information and belief, 62-98 Realty and SunAmerica have unified and interrelated operations, centralized control of labor relations, and interrelated business goals.

31. Upon information and belief, the individual defendants QIU, CHEN, and KONG, own majority beneficial interests of the defendants, 62-98 Realty and SunAmerica.

32. Upon information and belief, the individual defendants QIU and KONG, conducted substantially all the management functions of the defendants, 62-98 Realty and SunAmerica.

33. Upon information and belief, the corporate defendants 62-98 Realty and SunAmerica have operated in the manner outlined in 9-18, and 24 - 32, inclusive, for at least three years preceding the filing of this Complaint.

34. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

35. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

36. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

37. At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce.

38. Plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

39. 62-98 Realty operates as a real estate acquisition and management company.

40. SunAmerica operates as a real estate acquisition and management company.

41. Defendants committed the following alleged acts knowingly, intentionally and willfully.

42. From June 26, 2018 to December 27, 2018, Plaintiff Lijun Xia was employed by Defendants.

43. From June 26, 2018 to December 27, 2018, Plaintiff Lijun Yang was employed by Defendants.

44. Throughout their employment, Plaintiffs were assigned as tile installers.

45. During all relevant periods of employment, Plaintiffs worked Monday through Saturday, inclusive, from 6:30AM until 5:00PM. Plaintiffs needed to work at least 50% of Sundays throughout their employment. Therefore, Plaintiffs worked eleven and one-half (11.5) hours each day from Monday to Saturday, and on average five and three quarter (5.75) hours each Sunday. On average, Plaintiffs worked seventy four and three quarter (74.75) hours each week.

46. Ever since Plaintiffs' employment with Defendants started, Plaintiffs were paid at a fixed rate of $280.00 daily.

47. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

48. Defendants did not pay Plaintiffs and other Collective Action Members and Class Action Members their entitled wages from on or about November 5, 2018 to December 27, 2018, when Plaintiffs' employment with Defendants terminated in violation of the NYLL.

49. Throughout their employment with Defendants, Plaintiffs were not overtime-exempt under federal and state laws.

50. Plaintiffs are entitled to "spread of hours" premium for this stated employment period.

51. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Collective Action Members by their violation of federal and state laws.

52. Defendants did not pay Plaintiffs and other Collective Action Members' New york's "spread of hours" premium for every day they worked over 10 hours.

53. Upon information and belief, Defendants QIU, KONG and GU had the power to fire employees at 62-98 Realty, MKB and SunAmerica.

54. Defendants QIU, KONG and GU controlled the terms of the Plaintiff's employment in that they would tell Plaintiffs what tasks to complete and on what time frame they needed to be completed.

55. Upon information and belief, Defendants QIU, KONG and GU controlled the work schedule of all the employees of 62-98 Realty, MKD and SunAmerica, including the Plaintiffs' work schedules.

56. Upon information and belief, Defendants QIU, KONG and GU controlled the rates and methods of payment of each of the employees of 62-98 Realty, MKD and SunAmerica, including the Plaintiffs' pay rate and method of pay.

57. At all times herein pertinent, the Plaintiff performed their duties for Defendants 62-98 Realty, MKD and SunAmerica, at the direction and under the control of Defendants.

58. Upon information and belief, and at all times herein pertinent, Defendants QIU, KONG and GU exercised close control over the managerial operations of 62-98 Realty, MKD and SunAmerica, including the policies and practices concerning employees.

59. At all times herein pertinent, Defendants QIU, KONG and GU controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and

as to wages with respect to the employees of 62-98 Realty, MKB and SunAmerica in general, and with respect to the Plaintiff in particular.

60. At all times herein pertinent, Defendants QIU, KONG and GU acted as Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

61. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

62. Plaintiffs alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, has not maintained them as required by law.

63. Plaintiffs were not provided a written wage notice as required by the Wage Theft Prevention Act, in English and in Chinese (the primary language identified by Plaintiffs) when they were hired, including but not limited to information about their rate of pay and basis thereof, allowances, including regular pay day designated by Defendants.

64. Defendants failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

65. Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

66. Upon information and belief, and at all times herein pertinent, Defendant 62-98 Realty was and is the owner in fee simple of certain premises in the County of Queens, and known as 62-98 Woodhaven Blvd, Queens, New York. This property is also known as Block 2977; Lot 22 (hereinafter "The Property")

67. Plaintiff performed and furnished labors for use by Defendants 62-98 Realty, MKD and SunAmerica in the improvement of The Property.

68. Plaintiffs' labors were accepted by Defendants 62-98 Realty, MKB and SunAmerica.

69. Plaintiffs performed the last of their labor and improvements of The Property on or about December 27, 2018.

**COLLECTIVE ACTION ALLEGATIONS**

70. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

71. Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

72. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their four finishing locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

73. Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons

are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

74. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

75. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

76. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

77. Questions of law and fact common to members of the collective action

predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

78. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

79. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **CLASS ACTION ALLEGATIONS**

80. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

81. All said persons, including Plaintiffs, are referred to herein as the "Class."

82. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

**Numerosity**

83. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

**Commonality**

84. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Defendants maintained a policy, pattern and/or practice of failing to pay

Plaintiffs and the Rule 23 Class their entitled pay in a timely fashion as required by the NYLL;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether Defendants maintained a common policy, pattern and/or practice of failing to provide requisite statutory meal periods for lunch and/or dinner;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

g. Whether Defendants provided paystubs detailing the rates of pay to Plaintiffs and the Rule 23 class on each payday;

h. Whether Defendants deliberately shaved time off of the clock-in/clock-out system;

i. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

**Typicality**

85. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**Adequacy**

86. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

87. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against Entity Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues

in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

88. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Fair Labor Standards Act – Failure to Pay Overtime)**

89. The Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

90. At all relevant times, defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

91. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

92. Defendants have failed to pay Plaintiff overtime wages to which they have been entitled to under the FLSA – at a rate of 1.5 times their regular rate of pay – for all hours worked in excess of 40 hours per workweek.

93. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the

FLSA with respect to the compensation of Plaintiff.

94. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

95. Due to defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(New York Labor Law – Failure to Pay Overtime)**

96. The Plaintiffs, on behalf of themselves and all Class Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

97. At all relevant times, Plaintiffs were employees of Defendants within the meaning of the New York Labor Law, §§2 and 651.

98. At all relevant times, Defendants are joint employers of the Plaintiffs within the meaning of the New York Labor Law, §§2 and 651.

99. At all relevant times, the overtime wage provision of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

100. Defendant have failed to pay Plaintiffs the overtime wages to which they were entitled to under the New York Labor Law.

101. By Defendants' failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142, et seq.

102. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(New York Labor Law – Failure to Pay Earned Wages in Timely Fashion)**

103. The Plaintiffs, on behalf of themselves and all Class Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

104. At all relevant times, Plaintiffs were employees of Defendants within the meaning of the New York Labor Law, §§2, 190, and 651.

105. At all relevant times, Plaintiffs were manual workers within the meaning of the New York Labor Law §190(4).

106. Plaintiffs were not paid in a timely fashion by being paid weekly and not later than seven calendar days after the end of the week in which the wages were earned, from the period of on or about November 5, 2018 to December 27, 2018.

107. By Defendants' failure to pay Plaintiffs their entitled wages in a timely fashion, have having still not paid Plaintiffs their entitled wages, they have willfully violated the New York Labor Law Article 6 § 191(1)(a).

108. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198.

**FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(Fair Labor Standards Act Federal Common Law – Failure to Pay Wages in a Timely Fashion)**

109. The Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

110. At all relevant times, defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

111. Plaintiffs were not paid in a timely fashion by being paid on the contractual pay date, from the period of on or about November 5, 2018 to December 27, 2018.

112. By Defendants' failure to pay Plaintiffs their entitled wages in a timely fashion, have having still not paid Plaintiffs their entitled wages, they have willfully violated the Federal Common Law governing FLSA as the Second Circuit Court of Appeals held in *Rogers v. City of Troy*, N.Y., 148 F.3d 52, 55 (2d Cir. 1998)

**FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(New York Common Law – Breach of Contract)**

113. The Plaintiffs, on behalf of themselves and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

114. Plaintiffs and Defendants entered into an oral employment contract when Defendants orally offered Two Hundred Eighty Dollars per eight-hour day of work, and Plaintiffs accepted.

115. Plaintiffs have performed their contractual obligations by working as a tile installer for Defendants from June 26, 2018 to December 27, 2018.

116. Defendants failed to perform by failing to pay Plaintiffs their earned wages during the period from on or about November 5, 2018 to December 27, 2018.

117. Plaintiffs were damaged by Defendants' actions because they did not receive their entitled earnings for the work they performed for the period from on or about November 5, 2018 to December 27, 2018.

118. By Defendants' failure to pay Plaintiffs their entitled wages in accordance to the oral employment contract, Defendants have breached the contract between them and the Plaintiffs.

119. Due to Defendants' breach of contract, Plaintiffs are entitled to recover from defendants compensatory damages.

**SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(New York Labor Law – Failure to Pay Spread of Hours)**

120. The Plaintiffs, on behalf of themselves and all Class Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

121. At all relevant times, Defendants employed the Plaintiffs and each of the Collective Action Members within the meaning of the NYLL.

122. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of the NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

**SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(New York Labor Law – Failure to Provide Annual Wage Notices)**

123. The Plaintiffs, on behalf of themselves and all Class Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

124. Defendants have willfully failed to furnish the Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each

subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

125. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

126. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198.

**EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(New York Labor Law – Failure to Provide Wage Statements)**

127. The Plaintiffs, on behalf of themselves and all Class Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if fully set forth at length.

128. Defendants have willfully failed to furnish the Plaintiff with staetments with every payment of wages as required by NYLL, Article 6, §195(3), listing: the dates of work covered by that payment of wages, name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

129. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

130. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Lijun Xia and Lijun Yang and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. An award of back pay for overtime pay due and owing to the Plaintiffs;

e. An award of back pay for spread of hours pay due and owing to the Plaintiffs;

f. An award of back pay for unpaid earned wages due and owing to the Plaintiffs;

g. An award of statutory damage for failure to pay earned wages in a timely fashion;

h. Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiffs statutory damages and any other relief authorized under the NYLL for violations of those requirements;

i. Declaring that the liens in question are valid, and the extent and priority of each lien described herein;

j. Declaring that Plaintiffs acquired a good and valid lien against certain premises in the County of Kings, and known as 320 Macon Street, Brooklyn, New York, designated as Block 1853, Lot 42 and upon the interest of any of the Defendants therein in the sum of $26,748.00;

k. Adjusting and determining the equities of all the parties to this action and determining that Plaintiff's lien be seemed to have priority over all other liens and claims against the premises;

l. Adjudging that Defendants, other lienors, and all persons claiming by, through, or under them be forever foreclosed of all equity of redemption or other lien, claim or interest in the premises;

m. That the premises be sold, as provided by law, and that out of the proceeds of such sale, Plaintiff be paid the amount of its lien and interest, with the expense of the sale and

the costs and disbursements of this action, and that Plaintiff have judgment against the Defendants for any deficiency which may remain;

n. Awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

o. Awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

p. Awarding any other reliefs this Court deems just, proper, and equitable.

Dated: Flushing, New York
January 13, 2021

Hui Chen and Associates, P.L.L.C.

/s/ Hui Chen

By: Hui Chen, Esq.
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Tel: (718) 463-2666
Email: hui.chen@alum.cardozo.yu.edu
*Attorneys for Plaintiff(s)*