# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

LIJUN XIA and LIJUN YANG,                CIVIL ACTION NO.: 19-cv-1203(ENV)(LGD)

              Plaintiff,

    -against-

                               **Date of Service: January 2, 2025**

62-98 REALTY LLC,
SUNAMERICA REALTY GROUP, INC.,
MKB CONSTRUCTION USA, L.L.C.,
SAINT JAMES PLACE, LLC,
JEFF QIU, YANMING GU, DANNY KONG
and AIYUN CHEN,

              Defendants.

-------------------------------------------------------x

---

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

---

**SONG CHEN [SC-4130]**
**HUANG, CHEN & WU PLLC**
38-08 Union Street, Suite 9B
Flushing, New York 11354
Telephone: 718-886-5900
e-mail: schen@hcwlawgroup.com
Attorneys for Defendants
62-98 REALTY LLC,
SUNAMERICA REALTY GROUP, INC.
MKB CONSTRUCTION USA, L.L.C.,
YONG QIU, YONG JIANG and
AIYUN CHEN

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES……………………………………………………………………iii

INTRODUCTION…………………………………………………………………………1

I.      The Report Applied an Incorrect Summary Judgment Standard by Imposing a Burden on Defendants to Prove They Were Not Plaintiffs' Joint Employers………………………2

II.     The Report Departed from Well-Established Rules Under the "Economic Reality" Test by Requiring Defendants to Specifically Brief Technical Factors Under Both the "Formal Control" and "Functional Control" Approaches to Establish a Prima Facie Entitlement to Dismissal…………………………………………………………………………4

III.    Defendant 62-98's and Defendant Qiu's motions: No objective evidence in the records showed that 62-98 and one of its owners, Defendant Qiu possessed and exercised control over SCU's actual operation in a manner that related to Plaintiffs' claims……………...8

IV.     Defendant Kong's motion……………………………………………………………11

V.      Functional Control Approach…………………………………………………………13

CONCLUSION…………………………………………………………………………..18

**TABLE OF AUTORITIES**

Page(s)

**Cases**

Alvarez v. 40 Mulberry Rest., Inc.,

    2012 U.S. Dist. LEXIS 143317, 8, 20 Wage & Hour Cas. 2d (BNA) 1264, 2012 WL

    4639154 [S.D.N.Y. Oct. 3, 2012] …………………………………………………………10

Benzinger v Lukoil Pan Americas, LLC,

    447 F Supp 3d 99, 133 [SDNY 2020]………………………………………………….5

Celotex Corp. v. Catrett,

    477 U.S. 317, 325 [1986] ……………………………………………………………3

Chen v DG & S NY, Inc.,

    406 F Supp 3d 216, 220 [EDNY 2016]…………………………………...1,3,4,7,8

Chen v Oceanica Chinese Rest., Inc.,

    13-cv-4623 (NCG)(PK), 2016 WL 11818202 [EDNY Mar. 31, 2016]………………3,7

Dacas v Duhaney,

    17CIV3568EKVMS, 2022 WL 5422709, at *7 [EDNY Aug. 11, 2022], report and

    recommendation adopted, 17-CV-3568(EK)(VMS), 2022 WL 4483188 [EDNY Sept. 27,

    2022]……………………………………………………………………………....7,8,13

Dobrosmylov v DeSales Media Group, Inc.,

    532 F Supp 3d 54, 62 [EDNY 2021]……………………………………………..5

Dube v. Kaufman,

    145 A.D.2d 595, 536 N.Y.S.2d 471 (2d Dep't 1988)……………………………………15

Ethelberth v Choice Sec. Co.,

    12-CV-4856 PKC, 2015 WL 861756, at *8 [EDNY Feb. 27, 2015]………………….5,6,8

ii

Farmer v Fzoad.com Enterprises Inc.,

    17CV9300GBDOTW, 2020 WL 6530787, at *3 [SDNY Aug. 5, 2020], report and

    recommendation adopted, 17CIV9300GBDOTW, 2020 WL 5569581 [SDNY Sept. 17,

    2020]……………………………………………………………………………..13

Fernandez v. HR Parking Inc.,

    407 F Supp 3d 445 [SDNY 2019]………………………………………………..15

Godlewska v HDA,

    916 F Supp 2d 246, 264 [EDNY 2013], affd sub nom…………………………….17

Godlewska v Human Dev. Ass'n, Inc.,

    561 Fed Appx 108 [2d Cir 2014]……………………………….……………...17

Groves v. Land's End Housing Co., Inc.,

    80 N.Y.2d 978, 592 N.Y.S.2d 643, 607 N.E.2d 790 (1992)…………………………..15

Gyalpo v. Holbrook Dev. Corp.,

    577 B.R. 629, 638 (E.D.N.Y. 2017)…………………………………………………5

Rutherford Food Corp. v McComb,

    331 US 722, 730, 67 S Ct 1473, 1477, 91 L Ed 1772 [1947]……………………..5

Hernandez v. Sikka,

    No. 17 Civ. 4792 (SJF) (SIL), 2020 WL 1083706, at *12 (E.D.N.Y. Mar. 6, 2020) …….8

Jian Long Li v Li Qin Zhao,

    35 F Supp 3d 300, 304 [EDNY Aug. 8, 2014],…………………………………...3

Lee v Grand Sichuan E. (NY) Inc.,

    2014 US Dist LEXIS 6752 [SDNY 2014]…………………………………….…..7

Matter of Ovadia v. Off. of Indus. Bd. of Appeals,

    19 NY3d 138 [2012],…………………………………………………………14

Olsen v. Chase Manhattan Bank,

    10 A.D.2d 539, 205 N.Y.S.2d 60 (2d Dep't 1960), judgment aff'd, 9 N.Y.2d 829, 215

    N.Y.S.2d 773, 175 N.E.2d 350 (1961))……………………………………………15

Pierre v Hajar, Inc.,

    15CV02772 (ENV) (RLM), 2018 WL 2393158, at *7 [EDNY Mar. 28, 2018]…………6

Rocovich v. Consolidated Edison Co.,

    78 N.Y.2d 509, 577 N.Y.S.2d 219, 583 N.E.2d 932 (1991)……………………………..15

Yaeger v. New York Telephone Co.,

    148 A.D.2d 308, 538 N.Y.S.2d 526, 529 (1st Dep't 1989)………………………………15

Zheng v. Liberty Apparel Co.,

    355 F.3d 61 (2d Cir. 2003)…………………………………………………..1,4,15,16

**Statutes**

New York City, N.Y., Code §§ 3310.1-3310.12……………………………………...…12

New York Labor Law §§ 200, 240 and 241………………………………………………..15

## INTRODUCTION

On December 19, 2024, following the dismissal of Suzhong Construction USA Inc.'s ("SCU") owner, Co-Defendant Mr. Yanming Gu, from this action with Plaintiffs' consent, a Report and Recommendation ("Report") was issued.  The Report recommended denying the summary judgment motions of Defendants 62-98 Realty LLC ("62-98," the property owner), Mr. Yong Qiu ("Qiu," a 62-98 owner), and Mr. Yong Jiang ("Kong," a site manager designated by 62-98).  The recommendation was based on the finding that that they have not met their burden of making a prima facie showing that they were not the secondary, joint employers of Plaintiffs (Report, p. 2).

The Report, however, applied an incorrect summary judgment standard and erroneously imposed a burden on Defendants to prove they were not Plaintiffs' employers.  Under settled law, because Plaintiffs bear the burden of proof at trial for wage and overtime claims under the Fair Labor Standards Act ("FLSA"), Defendants were not required to provide affirmative evidence disproving Plaintiffs' claims. Instead, Defendants triggered Plaintiffs' burden to establish a genuine issue of material fact simply by pointing out the absence of evidence supporting Plaintiffs' joint-employment claims. Chen v. DG & S NY, Inc., 406 F. Supp. 3d 216, 221 (E.D.N.Y. 2016).

The Report further erred by recommending that a defendant's failure to specifically brief the six-factor "functional control" test from Zheng v. Liberty Apparel Co., 355 F.3d 61 (2d Cir. 2003), was, on its own, sufficient to deny summary judgment (Report, p. 14).  This approach misapplies the law, as the Zheng test is not the exclusive standard for assessing functional control.  Defendants, although not obligated to, presented evidence addressing functional control under the "operational control" test, which the Report failed to properly consider.

1

By misapplying the summary judgment standard and misinterpreting evidence and legal principles, the Report incorrectly analyzed the relevant factors and reached an erroneous conclusion. Specifically, it treated the absence of evidence on certain factors as Defendants' failure to make a prima facie case. Despite Plaintiffs' failure to present sufficient material facts for a reasonable jury to find that Defendants acted as their joint employers responsible for SCU's unpaid wages, the Report concluded, "[a]ll in all, Defendants have not shown that they did not functionally employ Plaintiffs under the FLSA and NYLL" (Report, p. 20).

I.    **The Report Applied an Incorrect Summary Judgment Standard by Imposing a Burden on Defendants to Prove They Were Not Plaintiffs' Joint Employers.**

Despite Defendants pointing out in their motion Plaintiffs' absence of evidence showing Defendants were their joint employers, the Report imposed upon Defendants a burden of making a prima facie showing that they were not the joint employers of Plaintiffs (Report, p. 2).

When there is no admissible evidence in the motion record to support Plaintiffs' claim that Defendants were Plaintiffs' joint employers, the Report recommends that the Court find Defendants failed to make a prima facie showing that they were not Plaintiffs' joint employers, and consequently recommends denying their summary judgment motions as triable issues of fact exist.

However, in an FLSA summary judgment motion, the moving Defendants do not have such a burden. They can make a prima facie showing of entitlement to dismissal by negating Plaintiffs' claims that Defendants *were* their joint employers, or by pointing out that there is an absence of evidence to support Plaintiffs' claim that Defendants *were* their joint employers.

"To recover on their FLSA claims, plaintiffs must prove that they were 'employees' and that defendants were 'employers' as defined by the statute." Chen v Oceanica Chinese Rest., Inc., 2016 US Dist LEXIS 46133 [EDNY Mar. 31, 2016, No. 13-CV-4623 (NGG) (PK)], citing Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 350 (E.D.N.Y. 2015).

Where, as here, the employee plaintiff bears the burden of proof at trial for his wage and overtime claims under FLSA, the defendants may show prima facie entitlement to summary judgment in one of two ways: (1) the defendants may point to evidence that negates the plaintiff's claim or (2) the defendants may identify those portions of the plaintiff's evidence that demonstrate the absence of a genuine issue of material fact.  See, Jian Long Li v Li Qin Zhao, 35 F Supp 3d 300, 304 [EDNY Aug. 8, 2014], citing Salahuddin v. Goord, 467 F.3d 263, 272-73 [2d Cir. 2006];  Celotex Corp. v. Catrett, 477 U.S. 317, 325 [1986] (holding that there is no express or implied requirement that the defendants negate the plaintiff's claim with evidence of their own, as long as they point out to the district court . . . that there is an absence of evidence to support the plaintiff's case); Chen v DG & S NY, Inc., 406 F Supp 3d 216, 220 [EDNY 2016] ("Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim.").

"The Second Circuit has noted that the determination of employer status is rarely suitable for summary judgment.  However, summary judgment must be granted where the opposing party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Chen v Oceanica Chinese Rest., Inc., 13-cv-4623 (NCG)(PK), 2016 WL 11818202, at *9 [EDNY Mar. 31, 2016]. citing Celotex Corp. 477 U.S. at 322.

Once the movant meets its initial burden, the non-movant must producing evidence of specific facts that raise a genuine issue for trial.  The non-movant must do more than merely assert conclusions that are unsupported by arguments or facts.  See, <u>Chen v DG & S NY, Inc.</u>, 406 F Supp 3d 216, 220 [EDNY 2016].

The Report interpreted Plaintiffs' lack of evidence to dispute as Defendants' failure to offer evidence to brief or show they did not functionally control Plaintiffs.  The Report also translated the absence of evidence into the existence of a triable issue of material fact on specific factors to assess joint employer status.

A wrong game rule will lead to an unfair result to players.  As shown in the later sections, the Report's entire analysis, interpretation of evidence, and application of law were premised on its use of an incorrect burden of proof, which led to a wrong conclusion.  The Report found Defendants had not made a showing that they were *not* Plaintiffs' joint employers, while Defendants had already pointed out to the Court the lack of evidence proving each element or factor of Plaintiffs' case.  When a building sits on a flawed foundation, the building tilts.

II.    **The Report Departed from Well-Established Rules Under the "Economic Reality" Test by Requiring Defendants to Specifically Brief Technical Factors Under Both the "Formal Control" and "Functional Control" Approaches to Establish a Prima Facie Entitlement to Dismissal.**

The Report referred to the six-factor approach established in <u>Zheng v. Liberty Apparel Co. Inc.</u>, 355 F.3d 61 (2d Cir. 2003) as the "functional control approach."  Overlooking Defendants' legally adequate briefing on their lack of functional control over Plaintiffs, the Report recommended that the Court adopt a rule whereby a defendant's failure to brief *Zheng*'s

six factors under the "functional control approach" would be sufficient for the Court to conclude the defendant failed to meet its burden at summary judgment (Report, p. 14).

However, first of all, the six-factor *Zheng* approach is not the only approach assessing functional control.

The Second Circuit repeatedly cautioned that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts and depends upon the circumstances of the whole activity. Gyalpo v. Holbrook Dev. Corp., 577 B.R. 629, 638 (E.D.N.Y. 2017); see also, Rutherford Food Corp. v McComb, 331 US 722, 730, 67 S Ct 1473, 1477, 91 L Ed 1772 [1947] (The determination of the relationship does not depend on such isolated factors but rather upon the circumstances of the whole activity.).

Some Courts in this Circuit employed "operational control test" to determine the joint employment status, especially when individual defendants were involved See, e.g. Ethelberth v Choice Sec. Co., 12-CV-4856 PKC, 2015 WL 861756, at *8 [EDNY Feb. 27, 2015]; Some developed the "single-integrated-enterprise theory" for vertical joint employment analysis.  See, Benzinger v Lukoil Pan Americas, LLC, 447 F Supp 3d 99, 133 [SDNY 2020]; cf. Dobrosmylov v DeSales Media Group, Inc., 532 F Supp 3d 54, 62 [EDNY 2021] ("The Second Circuit has never endorsed this theory of liability in the FLSA context, and district courts in this Circuit are divided on its application to FLSA and NYLL cases.").

The Second Circuit has instructed district courts to look at whether the person has "operational control" over the company, as well as the totality of the circumstances.  A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment; the

relationship between the individual's operational function and the plaintiff's employment must be closer in degree than simple but-for causation. <u>Pierre v Hajar, Inc</u>., 15CV02772 (ENV) (RLM), 2018 WL 2393158, at *7 [EDNY Mar. 28, 2018].

Second, it is incorrect to state that Defendants did not adequately brief their lack of functional control over Plaintiffs.  In addition to negating Plaintiffs' evidence and highlighting the absence of evidence in the record, Defendants presented admissible evidence demonstrating their lack of functional control over Plaintiffs.

 Defendants briefed, with admissible evidence, that Defendants did not possess and exercise authority over management, supervision, and oversight of SCU's affairs in general, and that they did not exercise direct control over the specific Plaintiffs. Thus, it cannot be said under FLSA that Defendants functionally controlled Plaintiffs as their joint employers.  See, <u>Ethelberth v Choice Sec. Co</u>., 12-CV-4856 PKC, 2015 WL 861756, at *8 [EDNY Feb. 27, 2015], citing Irizarry, 722 F.3d at 104–05.

In this case, Plaintiffs failed to present evidence demonstrating Defendants exercised functional control over their employment with SCU.  Although not obligated to do so, Defendants provided evidence and sufficiently briefed their lack of functional control over Plaintiffs' employment.

Third, while the Court may be obligated to assess both the "formal control" and "functional control" approaches (see <u>Zheng</u>, 355 F.3d at 69 (FLSA requires courts to look beyond formal control before declaring an entity is not an employer)), there is no per se rule requiring defendants to make a prima facie showing of their entitlement to dismissal by employing both approaches.

6

Courts in this Circuit have dismissed joint employer claims at the summary judgment stage without defendants employing the six-factor "functional control approach" or briefing specific factors under it.  See, e.g. Chen v DG & S NY, Inc., 406 F Supp 3d 216, 221 [EDNY 2016]; Chen v Oceanica Chinese Rest., Inc., 13-cv-4623 (NCG)(PK), 2016 WL 11818202, at *9 [EDNY Mar. 31, 2016]; Lee v Grand Sichuan E. (NY) Inc., 2014 US Dist LEXIS 6752 [SDNY 2014]; cf. Dacas v Duhaney, 17CIV3568EKVMS, 2022 WL 5422709 [EDNY Aug. 11, 2022], report and recommendation adopted, 17-CV-3568(EK)(VMS), 2022 WL 4483188 [EDNY Sept. 27, 2022] (dismissing the joint employer claims but pointing out defendants' brief was incomplete in absence of "functional control" analysis.).

The Report cited Gil v Pizzarotti, LLC, 1:19-CV-03497-MKV, 2021 WL 1178027 [SDNY Mar. 29, 2021], a nonbinding decision, but offered no justification for departing from current practice by requiring defendants to employ both approaches.  Gil is distinguishable because, unlike this case, the defendants in Gil neither highlighted the absence of evidence nor attempted to demonstrate a lack of functional control. See Gil, 2021 WL 1178027, at 13.

The rule recommended by the Report contradicts the Second Circuit's caution against prioritizing technical concepts over economic reality and the circumstances of the whole activity. While many courts employ both approaches, no binding rule requires defendants to do so to establish a prima facie case under the FLSA summary judgment standard.

This error is not harmless.  Although the Report applied the "functional control approach," its analysis largely relied on its erroneous conclusion that Defendants failed to brief the functional control adequately. Consequently, the Report deemed Defendants unable to show this factor favored their case.

7

III.    **Defendant 62-98's and Defendant Qiu's motions: No objective evidence in the records showed that 62-98 and one of its owners, Defendant Qiu possessed and exercised control over SCU's actual operation in a manner that related to Plaintiffs' claims.**

The Defendants need not support their motion for summary judgment with affirmative evidence disproving Plaintiffs' claims. Instead, by merely noting the absence of evidence that 62-98 and Qiu acted as Plaintiffs' employer, Defendants triggered Plaintiffs' burden to demonstrate a genuine issue of material fact on this point. Chen v DG & S NY, Inc., 406 F Supp 3d 216, 221 [EDNY 2016].

Besides both negating Plaintiffs' evidence and pointing the Court to the absence of evidence in the records, Defendants 62-98 and Qiu went further and presented their evidence sufficiently discussing their lack of "functional control" over Plaintiffs.

They briefed, with admissible evidence, that they did not possess and exercise authority over management, supervision, and oversight of SCU's affairs in general, and that they did not exercise direct control over the specific Plaintiffs. Thus, it cannot be said under FLSA that they functionally controlled Plaintiffs. See, Ethelberth v Choice Sec. Co., 12-CV-4856 PKC, 2015 WL 861756, at *8 [EDNY Feb. 27, 2015], citing Irizarry, 722 F.3d at 104–05.

However, in the motion, Plaintiffs provided no *objective* evidence to support their assertion that Defendants were their joint employers. Chen v DG & S NY, Inc., 406 F Supp 3d 216, 222 [EDNY 2016].

First, Plaintiffs' only association with Qiu was that after Defendant Gu, the owner of SCU, abandoned his workers and failed to pay them, Plaintiffs went to 62-98's office to ask for money and called Qiu "big boss." Plaintiffs alleged that Qiu promised to pay the $29,000 in

8

unpaid wages owed to them and asked them to show him the work they had done.  Plaintiffs further alleged that Qiu did not hire them but that a person named Xiangjun Xu told Plaintiff Xia he saw some other workers who had previously worked with Plaintiffs continue to work at the project (Xia Aff. ¶¶ 19–28; Yang Aff. ¶¶ 19–27).

"[T]he economic reality test turns on objective economic realities, not subjective beliefs[.]" Hernandez v. Sikka, No. 17 Civ. 4792 (SJF) (SIL), 2020 WL 1083706, at *12 (E.D.N.Y. Mar. 6, 2020) ("The mere fact that [the p]laintiffs thought [the moving defendant] was a 'boss' ... is not sufficient to support a finding that he was an employer under the economic realities test[.]"); Dacas v Duhaney, 17CIV3568EKVMS, 2022 WL 5422709, at *7 [EDNY Aug. 11, 2022], report and recommendation adopted, 17-CV-3568(EK)(VMS), 2022 WL 4483188 [EDNY Sept. 27, 2022]; Chen v DG & S NY, Inc., 406 F Supp 3d 216, 222 [EDNY 2016].

These unsupported allegations, even if true, have no probative value because the alleged after-event acts had no legal bearing on whether 62-98 or Qiu had functional control over Plaintiffs during the period from June 26, 2018, through December 27, 2018.

Even if Qiu had agreed to pay Plaintiffs or even decided to hire them directly to complete the remaining project after SCU ceased to function, such after-event acts do not show that Qiu exercised control over Plaintiffs during the relevant period.  Thus, these claims are legally irrelevant.

Second, Plaintiffs did not dispute that Defendant Qiu had no communication or dealings with them before the alleged after-event dealings. However, Plaintiffs allege that: (1) All workers of the contractors worked a single schedule. (2) From time to time, Defendants Qiu and Kong, at the worksite, required all workers hired by the contractors to work on Sundays to ensure sufficient progress at the worksite.

9

Plaintiffs did not present admissible evidence to support these allegations. Plaintiffs failed to detail when and how Defendants Qiu and Kong asked all workers of the contractors to follow a unified work schedule.  These allegations are speculative and do not demonstrate 62-98 or Qiu's power to control Plaintiffs' employment.

The allegation that all workers of the contractors on the construction site observed a unified work schedule does not support a conclusion that Defendants determined Plaintiffs' specific work schedule.  Any such conclusion would be speculative and unsupported by objective evidence.

62-98 contracted SCU, which hired Plaintiffs.  Plaintiffs' allegations, even if true, do not show that Defendants 62-98 or Qiu had authority over SCU's management, supervision, or oversight of affairs in general.  Nor do they show that Defendants directly controlled Plaintiffs' employment terms, conditions, or payment rates and methods.

Therefore, Plaintiffs failed to submit evidence showing 62-98 or Qiu functionally controlled Plaintiffs' employment with SCU or were liable for their wages unpaid by SCU.

Third, the Report found SCU subcontracted Plaintiffs rather than hired them as employees (Report p.3).  Subcontractors have remedies under the law, such as suing contractors for breach of contract, or filing and foreclosing mechanic's liens.   However, the FLSA and NYLL do not provide remedies for subcontractors.  If a party is determined to have independent contractor status rather than employee status, their wage-and-hour claims should be dismissed under FLSA.  The Report's findings do not support its recommendation.

Because no objective evidence was offered to support Plaintiffs' assertions—and even if those assertions were true, they do not amount to Defendants' control of Plaintiffs under the FLSA—there are no material issues of fact for the jury to determine.

IV.    **Defendant Kong's motion**

The only "evidence" offered by Plaintiffs in opposition to the summary judgment of Defendant Kong, a site manager contracted by 62-98, was their unsupported affidavits alleging that: (1) From time to time, Defendant Qiu and Defendant Kong, at the work site, required all workers hired by the contractors on the work site to work on Sundays to make sufficient progress. (2) Defendant Kong inspected the work and informed Plaintiffs Xia and Yang that the work was "good." Plaintiffs believed this meant that when progress was insufficient, Defendant Qiu and Defendant Kong would require every worker at the construction site to work on Sundays as well (Xia Aff. ¶¶ 9-12; Yang Aff. ¶¶ 9-12).

Plaintiffs did not come forward with admissible evidence to support their allegations. Plaintiffs failed to detail when and how Defendant Kong asked all workers of various subcontractors to follow a unified work schedule. These allegations are merely speculative regarding Defendant Kong's power to control Plaintiffs' employment.

62-98 contracted SCU, which hired Plaintiffs. Plaintiffs' allegations, even if true, did not demonstrate that Defendant Kong had authority over SCU's management, supervision, or oversight of affairs in general. Nor did they show that Defendant Kong directly controlled Plaintiffs' employment terms, conditions, or payment rates and methods.

Therefore, Plaintiffs failed to submit evidence showing that Defendant Kong functionally controlled Plaintiffs' employment with SCU or was liable for their wages unpaid by SCU.

Moreover, Plaintiffs' allegations, without more, do not amount to functional control over Plaintiffs' employment under the FLSA and are legally irrelevant to the determination of joint employer status. Defendant Kong's acts, as alleged in Plaintiffs' affidavits, were made under his

legal obligations. Carrying out such legal obligations does not render him a joint employer of workers on a construction site.

In New York City, property owners undertaking construction or demolition projects may, and in some circumstances are required to, designate a Site Safety Manager or Site Safety Coordinator based on the scope and scale of the project to ensure compliance with safety regulations and to maintain a secure environment for workers and the public (See, New York City, N.Y., Code §§ 3310.1-3310.12).

For the construction or alteration of a building, the site safety manager or coordinator shall be present at the site during all times while active work is occurring and through all phases of work, beginning with excavation and continuing until the building is enclosed and the sidewalk shed removed (New York City, N.Y., Code § 3310.5.2).

The site safety manager or coordinator shall monitor compliance with the site safety plan, the tenant or occupant protection plan, and the requirements of this chapter and any rules promulgated thereunder by performing the duties required by Sections 3310.8.1 through 3310.8.5 and by performing all other safety duties assigned by the owner or general contractor to meet legal requirements (New York City, N.Y., Code § 3310.8).

Plaintiffs failed to cite any authority supporting the proposition that the acts alleged in their affidavits raise a triable issue of material fact regarding the determination of joint employer status.  A fair-minded jury could not return a verdict for the Plaintiffs on the evidence presented, finding that the acts alleged in Plaintiffs' affidavits amount to Defendant Kong's functional control over Plaintiffs' employment under the FLSA.

V.     **Functional Control Approach**

"Because the laborer has the burden of proof, to prevail he must establish the joint-employment inference by a preponderance of the evidence." <u>Dacas v Duhaney</u>, 17CIV3568EKVMS, 2022 WL 5422709, at *7 [EDNY Aug. 11, 2022], report and recommendation adopted, 17-CV-3568(EK)(VMS), 2022 WL 4483188 [EDNY Sept. 27, 2022].

The Report finds the second factor (whether SCU could shift as a unit) and the third factor (whether Plaintiffs had discrete line jobs) do not weigh in favor of finding that Defendants jointly employed Plaintiffs, but the remaining factors do.

**Premise and Equipment**.

It cannot be said the shared premises and equipment support inference of the property owner's functional control over plaintiff when an employer-employee relationship is not established under the economic reality test.  See, <u>Farmer v Fzoad.com Enterprises Inc</u>., 17CV9300GBDOTW, 2020 WL 6530787, at *3 [SDNY Aug. 5, 2020], report and recommendation adopted, 17CIV9300GBDOTW, 2020 WL 5569581 [SDNY Sept. 17, 2020]; Otherwise, any landlord could be considered under the Zheng's first factor an "employer" of all employees located in the landlord's space. <u>Dacas v Duhaney</u>, 17CIV3568EKVMS, 2022 WL 5422709, at *10 [EDNY Aug. 11, 2022], report and recommendation adopted, 17-CV-3568(EK)(VMS), 2022 WL 4483188 [EDNY Sept. 27, 2022].  This interpretation would render <u>Zheng</u>'s first factor ineffective as an indicator of functional control.

By the same logic, courts generally decline to find that a landlord-tenant relationship alone establishes that the landlord employs a tenant's employees for purposes of FLSA liability. Id., at *10.

Moreover, in practice, landlords invariably exercise some indirect control over subcontractors' workers through contractual relationships with contractors. Landlords inherently intend to control the work of such workers to achieve the desired premises. However, this form of control does not fall within the scope of what the FLSA seeks to regulate.

Thus, the mere fact that Plaintiffs worked on 62-98's property to build the premises does not indicate that Defendants had or exercised authority to control Plaintiffs' employment. In Matter of Ovadia v. Off. of Indus. Bd. of Appeals, 19 NY3d 138 [2012], the court held that even though a general contractor provided a work site and materials used by employees and frequently visited the site, these factors alone did not demonstrate functional control. The general contractor did not directly instruct the subcontractor's employees and only communicated with the subcontractor's principal or foreman. Consequently, the general contractor was not deemed a joint employer and was not liable for unpaid wages to subcontractor employees.

Moreover, in most commercial construction projects, the architect or owner selects the materials to be used, then pursuant to the terms of the relevant contract, the general contractor, construction manager or subcontractor orders the materials from suppliers for delivery to the job venue. Such a usual occurrence at construction projects should not determine the nature of employment relationships. Matter of Ovadia v Off. of Indus. Bd. of Appeals, 19 NY3d 138, 144 [2012].

New York Labor Law § 200 codifies a property owner's common-law obligations to provide a safe workplace (Dube v. Kaufman, 145 A.D.2d 595, 536 N.Y.S.2d 471 (2d Dep't 1988)). It makes those obligations nondelegable and expands the owner's obligations to include the tools and equipment necessary to make the workplace complete. (see Olsen v. Chase Manhattan Bank, 10 A.D.2d 539, 205 N.Y.S.2d 60 (2d Dep't 1960), judgment aff'd, 9 N.Y.2d 829, 215 N.Y.S.2d 773, 175 N.E.2d 350 (1961)). New York Labor Law §§ 240 and 241 greatly expand an owner's obligation to provide and ensure a safe working environment for workers who perform services at the owner's property. Under Labor Law § 240, an owner has a nondelegable duty to provide certain safety equipment to protect workers (see Rocovich v. Consolidated Edison Co., 78 N.Y.2d 509, 577 N.Y.S.2d 219, 583 N.E.2d 932 (1991); Groves v. Land's End Housing Co., Inc., 80 N.Y.2d 978, 592 N.Y.S.2d 643, 607 N.E.2d 790 (1992)). Under Labor Law § 241, an owner has an obligation to comply with requirements designed to protect workers and to provide reasonable and adequate protection and safety to protect them from the usual dangers of construction (see Yaeger v. New York Telephone Co., 148 A.D.2d 308, 538 N.Y.S.2d 526, 529 (1st Dep't 1989)).

However, these legal duties to provide a safe work environment do not equate to functional control under the FLSA.

Furthermore, as required to consider the economics reality and the circumstances of the whole activity, the premises and equipment factor shall be considered together with the nature of the business operation.

For instance, in Zheng v. Liberty Apparel Co. Inc., 355 F3d 61 [2d Cir 2003], shared premises and equipment were considered indicative of control because garment workers performed tasks integral to the manufacturer's business. Similarly, in Fernandez v. HR Parking

15

Inc., 407 F Supp 3d 445 [SDNY 2019], shared premises, uniforms bearing the dealership logo, and other factors suggested employment control because the parking service was integral to the dealership's operations.

In this case, the fact that Plaintiffs worked on 62-98's property to build up the premises does not inherently indicate employment control.

The Report speculates that 62-98 may have provided materials and equipment to Plaintiffs via its contract with SCU. However, Plaintiffs did not allege or provide evidence showing that they received or used equipment from 62-98.

Because Plaintiffs failed to establish an employer-employee relationship with Defendants under the economic reality test, the shared premises and equipment do not support an inference of functional control over Plaintiffs' employment. A reasonable jury, applying Zheng's first factor, could not find Defendants liable for unpaid wages owed by SCU.

**Passing contract**

Where employees work for an entity (the purported joint employer) only to the extent that their direct employer is hired by that entity, this factor does not in any way support the determination that a joint employment relationship exists. Zheng v Liberty Apparel Co. Inc., 355 F3d 61, 74 [2d Cir 2003].

The Report identified a triable issue based on Plaintiffs' affidavits alleging that, after Co-Defendant Gu abandoned the worksite, Defendants continued to employ Spanish-speaking painters who had previously worked with Plaintiffs. This allegation relied on hearsay evidence—that another individual claimed to have seen those painters continuing to work on the construction site.

16

However, this hearsay evidence of post-event conduct, even if considered, lacks probative value in establishing Defendants' control over Plaintiffs' employment during the period from June 26, 2018, to December 27, 2018.

Moreover, even if such after-event conduct were relevant to prior relationships among the parties, the fact that Plaintiffs were not re-hired to perform the same work at the same location undermines the Report's argument.  Specifically, the Report posited that if Defendants had hired one contractor instead of another, the same Plaintiffs-employees would have continued performing the same work at the same site.  The evidence does not support this inference.

Plaintiffs provided no admissible evidence to support this factor in their favor.  Thus, the evidence under this factor fails to indicate that Defendants exercised control over Plaintiffs' employment.

**The degree of supervision**.

The inquiry under this factor is "largely the same" as the inquiry under the second *Carter* factor and is the most relevant factor in determining whether a purported joint employer exercises functional control over plaintiffs. Godlewska v HDA, 916 F Supp 2d 246, 264 [EDNY 2013], affd sub nom.  Godlewska v Human Dev. Ass'n, Inc., 561 Fed Appx 108 [2d Cir 2014].

Defendants' motion demonstrated that there is no evidence showing they had formal control over Plaintiffs under the *Carter* factor. As discussed earlier, Plaintiffs only presented an unsupported allegation that Defendant Kong inspected the work and told Plaintiff Xia and Plaintiff Yang that the work was "good."

However, inspections to determine whether the construction complied with plans, drawings, and building codes do not constitute control over Plaintiffs' employment.  While Defendant Kong may have supervised the quality of the work, there is no evidence indicating that he supervised the workers regarding how they performed their tasks or their employment terms.  This level of supervision is far from what is required under the *Carter* factor.

Ultimately, Plaintiffs' unsupported allegations are not material to the determination under the Carter factor, which does not indicate that Defendants controlled Plaintiffs' employment.

**Exclusively or predominately working for Defendants**

As demonstrated in the motion, Defendants Qiu and Kong did not know Plaintiffs.  Plaintiffs allege they were employees of SCU and now seek unpaid wages from 62-98, which paid SCU under their contract.  Plaintiffs, bearing the burden of proof, failed to present evidence showing they worked exclusively or predominantly for SCU.  Without evidence in the record, a reasonable jury would not be able to find this factor in Plaintiffs' favor.

Therefore, under the six-factor "functional control approach," Defendants did not exercise functional control over Plaintiffs' employment.

## <u>CONCLUSION</u>

Plaintiffs did not present sufficient material facts for a reasonable jury to find that Defendants were their joint employers liable for the wages unpaid by SCU.  No admissible evidence in the record supports establishing an employment relationship between Defendants and Plaintiffs under FLSA.

Therefore, the Report should not be adopted, and Defendants' summary judgment motions should be granted.

Dated: Queens, New York
      January 2, 2025

Respectfully submitted,

/s/ Song Chen
Song Chen, Esq. [SC-4130]
HUANG, CHEN & WU PLLC
38-08 Union Street, Suite 9B
Flushing, New York 11354
(718) 886-5900
schen@hcwlawgroup.com
Attorneys for Defendants
62-98 REALTY LLC,
SUNAMERICA REALTY GROUP, INC.
MKB CONSTRUCTION USA, L.L.C.,
YONG QIU, YONG JIANG and
AIYUN CHEN